UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF GEORGIA – MACON DIVISION

KWANE DOZIER, Plaintiff,

v.

MARTINEZ FINNEY, Defendant.

Civil Action No. _____

COMPLAINT FOR TRADEMARK MISAPPROPRIATION, FALSE DESIGNATION OF ORIGIN, AND CANCELLATION OF FRAUDULENT TRADEMARK UNDER THE LANHAM ACT (15 U.S.C. § 1125(a))

INTRODUCTION

1. Plaintiff Kwane Dozier ("Plaintiff"), proceeding pro se, brings this action under the Lanham Act, 15 U.S.C. § 1125(a), and related state law to vindicate his rights in the common-law trademark "Young Black Man Inc."—a Georgia-founded, multifaceted brand encompassing clothing, music production, and literary works.

2. While Plaintiff was incarcerated and without practical ability to monitor federal filings, Defendant Martinez knowingly and in bad faith filed federal trademark applications for the identical mark "YOUNG BLACK MAN," targeting Plaintiff's established commercial fields—clothing and children's books.

3. These acts constitute fraudulent registration, false designation of origin, and willful attempt to appropriate Plaintiff's existing brand identity and goodwill in interstate commerce.

JURISDICTION AND VENUE

4. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Lanham Act (15 U.S.C. § 1051 et seq.).

5. This Court has supplemental jurisdiction over Plaintiff's state-law claims for unfair competition and misappropriation under 28 U.S.C. § 1367(a).

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or injuries giving rise to this claim occurred in the Middle District of Georgia, where Plaintiff conducts business and resides through the Georgia Department of Corrections.

PARTIES

7. Plaintiff Kwane Dozier is a Georgia resident, the founder and owner of Young Black Man Inc., a creative enterprise operating in clothing, music publishing, and literary works.

8. Defendant Martinez is an individual of unknown residence who filed one or more federal trademark applications for the mark "YOUNG BLACK MAN" covering clothing and children's books, without authorization and with knowledge of Plaintiff's prior use.

FACTUAL ALLEGATIONS

9. Since before 2023, Plaintiff has used the name "Young Black Man Inc." in commerce to identify his creative ventures, including clothing sales, musical recordings (released on digital platforms nationwide), and authored books bearing that imprint.

10. Plaintiff's brand acquired recognition in Georgia and through online commerce, creating consumer association between the mark "YOUNG BLACK MAN" and Plaintiff's goods and services.

11. Upon information and belief, Defendant Martinez later filed two USPTO trademark applications for "YOUNG BLACK MAN" covering (1) clothing and (2) children's books—the same fields in which Plaintiff was already active.

12. The specificity of those filings demonstrates that Defendant had knowledge of Plaintiff's creative materials and intended to appropriate his brand identity.

13. Defendant's actions constitute willful attempts to (1) deceive the USPTO, (2) mislead consumers, and (3) block Plaintiff's lawful use and expansion of his business.

COUNT I – FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

(15 U.S.C. § 1125(a))

14. Plaintiff re-alleges paragraphs 1–13 as if fully set forth herein.

15. Defendant's use and/or registration of the mark "YOUNG BLACK MAN" in commerce is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff's business.

16. Such acts constitute false designation of origin and unfair competition under 15 U.S.C. § 1125(a).

17. Plaintiff has been damaged by Defendant's conduct through loss of goodwill, market opportunity, and brand control.

COUNT II – FRAUDULENT TRADEMARK APPLICATIONS AND BAD-FAITH REGISTRATION

18. Upon information and belief, Defendant knowingly made false representations to the USPTO when filing applications for "YOUNG BLACK MAN," asserting ownership and use without basis in fact.

19. Defendant's actions constitute fraud on the USPTO and warrant cancellation of any pending or granted registration under 15 U.S.C. § 1064.

COUNT III – COMMON-LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

20. Under Georgia common law, Plaintiff is the first and continuous user of the mark "YOUNG BLACK MAN."

21. Defendant's use of the identical mark for similar goods constitutes infringement and unfair competition causing irreparable harm.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Plaintiff is the lawful owner of the mark "Young Black Man" under common-law and the Lanham Act;

B. Order the cancellation of any USPTO trademark applications or registrations filed by Defendant for the mark "YOUNG BLACK MAN";

C. Permanently enjoin Defendant from using the mark in connection with any goods or services;

D. Award compensatory damages to Plaintiff for economic loss and reputational harm in the amount of $2,500,000.00;

E. Award punitive damages for willful and malicious conduct;

F. Award costs and any further relief this Court deems just and proper.

JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

VERIFICATION AND SIGNATURE

I, Kwane Dozier, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Date: 11-29- 2025

s/ Kwane Dozier

Plaintiff, Pro Se (GDC #1178724)

Central State Prison

4600 Fulton Mill Road   Macon, GA 31208

## CERTIFICATE OF SERVICE

I certify that I served a true copy of this Complaint by U.S. Mail to:

Certified mail.

Defendant Martinez Finney

700 Lama Drive, Apartment 7-3

Summerville, South Carolina 29486

Date: 11-19- 2025

s/ Kwane Dozier