IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KWANE DOZIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:25-cv-516 (MTT) |
| | ) |
| MARTINEZ FINNEY, | ) |
| | ) |
| Defendant. | ) |

### ORDER

Pro se plaintiff Kwane Dozier filed this trademark infringement action against Martinez Finney. ECF 1. Dozier simultaneously moved to proceed *in forma pauperis* (IFP). ECF 2. As discussed below, Dozier satisfies the requirements of poverty, and his motion to proceed IFP (ECF 2) is **GRANTED**. Along with granting Dozier IFP status, the Court must also screen his complaint pursuant to 28 U.S.C. § 1915(e). After screening, the Court concludes that Dozier plausibly alleges some claims while others are deficient. Accordingly, within twenty-one days of the entry of this order Dozier is **ORDERED TO AMEND** his complaint as stated in this order. Failure to fully and timely comply with this order may result in the dismissal of this action.[1]

---

[1] *See Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch*. Dist., 570 F.2d 541, 544 (5th Cir. 1978)); *see also Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) (adopting as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981).

## I. DISCUSSION[2]

### A. Financial Status

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court … is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). To show poverty, the plaintiff need not show that he is "absolutely destitute." *Martinez*, 364 F.3d at 1307 (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338-40 (1948)). Instead, the affidavit must demonstrate that the plaintiff, "because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307. Where a plaintiff demonstrates economic eligibility to file IFP, the court should docket the case and then "proceed to the question ... of whether the asserted claim is frivolous." *Id*.

Here, Dozier's financial affidavit states that he is unemployed with an average monthly income of $0.00. ECF 2 at 1-2. Accordingly, having read and considered Dozier's financial affidavit, the Court finds that Dozier is unable to pay the costs and fees associated with this lawsuit, and his motion to proceed IFP (ECF 2) is **GRANTED**.

---

[2] Motions to proceed IFP are governed by 28 U.S.C. § 1915(a). Section 1915(a) provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a). "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

**B. Frivolity Review**

Along with granting Dozier IFP status, the Court must review and dismiss his complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[3] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).

Dozier filed this action against Martinez, claiming false designation of origin under 15 U.S.C. § 1125(a), fraudulent trademark applications and bad faith registration, and common law trademark infringement and unfair competition. ECF 1 ¶¶ 14-21. Dozier asserts that he has trademark ownership in the name of a brand he founded, "Young Black Man Inc.," and has used the name "Young Black Man Inc." in commerce "to identify his creative ventures, including clothing sales, musical recordings, … and authored books bearing that imprint." *Id.* ¶¶ 1, 9. Dozier alleges that his brand acquired recognition in Georgia and through online commerce, creating consumer association

---

[3] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

between the mark "Young Black Man" and his goods and services. *Id.* ¶ 10. He alleges that while he was incarcerated, Martinez filed two federal trademark applications for the identical mark covering clothing and children's books—"the same fields in which [Dozier] was already active." *Id.* ¶¶ 2, 11.

### 1. False Designation of Origin

"'Section 43(a) of the Lanham Act [15 U.S.C. § 1125(a)] creates a federal cause of action for unfair competition' in interstate commerce, and 'forbids unfair trade practices involving infringement of … trademarks, even in the absence of federal trademark registration.'" *Custom Mfg. & Eng'g, Inc. v. Midway Servs., Inc.*, 508 F.3d 641, 647 (11th Cir. 2007) (quoting *Univ. of Florida v. KPB, Inc.*, 89 F.3d 773, 775-76 (11th Cir. 1996) (per curiam)). To prevail on his claim for false designation of origin under § 43(a), a plaintiff must establish that the defendant used in commerce, in connection with any goods or services, "any word, term, name, symbol or device, or any combination thereof, or any false designation of origin" that is "likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association" of defendant with plaintiff, or "as to the origin, sponsorship, or approval of" defendant's goods, services, or commercial activities by the plaintiff. 15 U.S.C. § 1125(a)(1).

Liberally construing the complaint, Dozier plausibly alleges that Martinez falsely designated the origin of his products using Dozier's designation of origin, because Martinez allegedly filed two federal trademark applications for "Young Black Man" covering clothing and children's books. ECF 1 ¶¶ 2, 11, 12. Likewise, Dozier plausibly alleges that Martinez's use of his designation of origin was likely to cause consumer confusion, because Martinez's products—clothing and children's books—were Dozier's

4

"established commercial fields" and Martinez "intended to appropriate his brand identity." *Id.*

### 2. Fraudulent Procurement

Dozier alleges that Martinez knowingly made false representations to the USPTO when filing applications for "Young Black Man" and asks the Court to invalidate and cancel his mark(s). ECF 1 ¶¶ 18, 19. While Dozier's complaint cites 15 U.S.C. § 1064, he appears to be bringing a claim for fraudulent procurement of a trademark under 15 U.S.C. § 1120. Under this statute, "[a]ny person who shall procure registration in the [USPTO] of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means, shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof." However, Dozier's allegations do not clearly identify that Martinez has procured a trademark—a requirement to state a claim under 15 U.S.C. § 1120. *See GMA Accessories, Inc. v. Idea Nuova, Inc.*, 157 F. Supp.2d 234, 242 (S.D.N.Y. 2000) ("[B]y its terms Section 38, 15 U.S.C. § 1120, does not apply to trademark applications that have not been registered.").

### 3. Common Law Trademark Infringement and Unfair Competition

Georgia common law trademark claims involve the same analysis as claims under the Lanham Act. *CCA & B, LLC v. F + W Media, Inc.*, 819 F. Supp. 2d 1310, 1324 (N.D. Ga. 2011) (citation omitted). To prevail on a trademark infringement claim, the plaintiff must establish "(1) that it had prior rights to the mark at issue and (2) that the defendant had adopted a mark or name that was the same, or confusingly similar to its mark, such that consumers were likely to confuse the two." *Planetary Motion, Inc. v.*

5

*Techsplosion, Inc.*, 261 F.3d 1188, 1193 (11th Cir. 2001) (citing *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 106 F.3d 355, 360 (11th Cir. 1997)).

To determine whether Dozier had common law rights in "Young Black Man," the Court must determine (1) whether Dozier was the primary user of the mark at issue, and (2) whether the mark was either inherently distinctive or had acquired distinctiveness through secondary meaning. *See, e.g., Tarsus Connect, LLC v. Cvent, Inc.*, 452 F. Supp. 3d 1334, 1357 (N.D. Ga. 2020) (citation omitted). Additionally, the mark must be capable of distinguishing Dozier's goods from those of others. 15 U.S.C. § 1052(e), (f). Liberally construing the complaint, the Court finds that Dozier has plausibly alleged he had common law rights in "Young Black Man" because he "is the first and continuous user" of the mark and "Young Black Man" is, allegedly, sufficiently distinctive to "creat[e] consumer association between the mark … and Plaintiff's goods and services." ECF 1 ¶¶ 10, 20.

To evaluate likelihood of consumer confusion, courts in the Eleventh Circuit employ a seven-factor balancing test. *See Dieter v. B & H Indus. of Sw. Fla., Inc.*, 880 F.2d 322, 326 (11th Cir. 1989).[4] In screening Dozier's complaint, the Court need not examine these factors in detail but finds that Dozier has plausibly alleged a likelihood of consumer confusion because he alleges that the marks and covered goods used by the parties are identical and Martinez adopted the mark in bad faith. ECF 1 ¶¶ 11, 12, 13.

In sum, the Court finds that Dozier plausibly states a claim for false designation of origin under the Lanham Act and a claim for common law trademark infringement and

---

[4] The seven factors are: "(1) type [or strength] of mark; (2) similarity of mark; (3) similarity of the products the marks represent; (3) similarity of the parties' retail outlets and customers; (5) similarity of advertising media; (6) defendant's intent; and (7) actual confusion." *Dieter*, 880 F.2d at 326 (internal citations omitted).

unfair competition, but that his fraudulent procurement allegations are lacking. Given Dozier's pro se status, the Court will give him an opportunity to amend his complaint before dismissing his fraudulent procurement claim. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010). The Court will not look back to the facts alleged in the original complaint once the amended complaint is filed; the Court will only consider the facts in the amended complaint when it conducts the frivolity review required by § 1915(e)(2)(B). *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

## II. CONCLUSION

For the foregoing reasons, Dozier's motion to proceed IFP (ECF 2) is **GRANTED**. Pursuant to 28 U.S.C. § 1915(e), Dozier is **ORDERED TO AMEND** his complaint as stated in this order within twenty-one days of the entry of this order. Failure to fully and timely comply with this order may result in the dismissal of this action.

**SO ORDERED**, this 9th day of January, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT